**QIQI WENG, Petitioner,**

**v.**

**55**

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 07–3438–ag.

United States Court of Appeals, Second Circuit.

May 20, 2008.

Yan Wang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director; Donald A. Couvillon, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiqi Weng, a native and citizen of China, seeks review of the July 30, 2007 order of the BIA denying his motion to reopen. *In re Qiqi Weng,* No. A79 425 173 (B.I.A. July 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Weng's untimely motion to reopen. As the BIA noted, its prior decision was issued in February 2005, but Weng did not file his motion until April 2007, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Weng's motion did not qualify for an exception to

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

the time limitation. *See id.* Although Weng submitted recent country reports and newspaper articles detailing ongoing violence against Falun Gong adherents, the BIA did not abuse its discretion in concluding that such evidence did not constitute changed circumstances. Moreover, in the underlying proceedings, the IJ found that Weng had "simply not been a credible witness" with regard to his claimed involvement with Falun Gong. Because Weng has never rebutted that credibility determination, further evidence of the mistreatment of Falun Gong practitioners is of no moment in this case. *See Kaur*, 413 F.3d at 234 (concluding that the BIA did not abuse its discretion where it "clearly explained that the evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).